# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSELITO R. GABON ) | |
| ) | |
| Plaintiff ) | Case No. 16-CV-81523-BLOOM/VALLE |
| ) | |
| vs. ) | |
| ) | |
| KAIROS LOGISTICS, INC. ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## MOTION FOR DEFAULT FINAL JUDGMENT

Pursuant to Federal Rule 55(b)(2) and Local Rule 7.1, Plaintiff, JOSELITO R. GABON, seeks a default judgment against the Defendant, KAIROS LOGISTICS, INC. in this action. The Defendant was served with the summons and Complaint, but failed to file an answer or otherwise defend, resulting in the Clerk's entry of default on October 17, 2016 [DE 11]. The Plaintiff now requests that the Court enter the attached proposed Order and Final Judgment.

### I.  BACKGROUND

This action was filed pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 2001 et. seq., (hereinafter "FLSA") on August 30, 2016. Defendant was served on September 8, 2016 and the return of service was filed of record herein on October 13, 2016 [DE 8]. Defendant's answer to the Complaint was due on September 28, 2016. No response having been filed, a Clerk's default was entered against Defendant on October 17, 2016 [DE 11]. Plaintiff now seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), including an award of litigation costs.

Plaintiff, JOSELITO R. GABON, is a resident of Lake Worth, Florida who was employed by Defendant KAIROS LOGISTICS, INC. as a truck driver. Plaintiff averred that the Defendant was an enterprise engaged in commerce and further averred that he was subject to the FLSA individual coverage as the Plaintiff was a truck driver who regularly transported goods from one state to another using the highways between the states.

Plaintiff worked for Defendant from January 15, 2016 to January 23, 2016 and was not compensated for his time or paid overtime. The Plaintiff was supposed to be paid at a rate of $0.45 per mile traveled and received a perk of being reimbursed $200 per day for any layover period. The Plaintiff drove 2,746.67 miles for the Defendant and was not compensated for those miles. The Defendant initially sent the Plaintiff a check for payment for the miles driven but subsequently placed a stop payment on the check which resulted in the Plaintiff incurring a bank fee. Plaintiff was further not compensated for a two day layover period where he had to seek accommodations in Hanover, NC. As a result of not being paid, the Plaintiff has been forced to utilize the FLSA to seek compensation for the work he performed for the Defendant. The Plaintiff retained legal counsel and filed the instant action seeking an award of his full wages, overtime compensation, liquidated damages, reasonable attorney's fees and costs and any further relief the Court deems just and proper.

**II.   JURISDICTION**

The Court has subject-matter jurisdiction over this action because it arises under the laws of the United States. 28 U.S.C. § 1331. Venue is proper because the Plaintiff resides in this judicial district and the events and omissions giving rise to Plaintiff's claims occurred in this district. Venue is proper in this district and divisions pursuant to 28 U.S.C. § 1391(b). Furthermore, Defendant is a corporation organized and existing under the laws of Illinois

whose principal address is 26820 BASSWOOD CIR, PLAINFIELD, IL 60585 who conducts business in the Southern District of Florida and is subject to the laws of the United States and of the State of Florida.

### III.   STANDARD FOR ENTERING DEFAULT JUDGMENT

Under Federal Rule 55(b)(2), this Court may enter a default judgment against any defendant that failed to appear and defend any claim in the action. Entry of a default judgment is proper if the defendant's liability is well-pled in the complaint and the defendant has failed to participate in the litigation in good faith. *Eagle Hosp. Physicians v. SRG Consulting*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

### IV.   ARGUMENT

#### A.   Plaintiff's Well-Pled Allegations Support Entry of a Default Judgment

The Plaintiff must prove two elements in order to sustain a cause of action against the Defendant for a FLSA violation. The jury instructions in the Eleventh Circuit for a Fair Labor Standards Act claim reads as follows:

**4.14**
**Fair Labor Standards Act—29 U.S.C. §§ 201 et seq.**

In this case, [name of plaintiff] claims that [name of defendant] did not pay [name of plaintiff] the [minimum wage/overtime pay] required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on [his/her] claim against [name of defendant], [name of plaintiff] must prove each of the following facts by a preponderance of the evidence:

<u>First:</u>    [Name of plaintiff] was an employee of [name of defendant] and was [engaged in commerce or in the production of goods for commerce] [employed by an enterprise engaged in commerce or in the production of goods for commerce]; and

Second:    [Name of defendant] failed to pay [name of plaintiff] the [minimum wage/overtime pay] required by law.

See Section 4.14 Fair Labor Standards Act Jury Instructions Eleventh Circuit Pattern Jury Instructions (2013) as page 240.

### 1. Plaintiff has established Individual and Enterprise Coverage

The Plaintiff has alleged in the complaint that he was an employee of the defendant [DE 1 ¶ 15], and was engaged in commerce [DE 1 ¶s 13-14]. The Plaintiff has also presented evidence through his Affidavit that he transported goods from state to state and that he was not paid a minimum wage or overtime compensation by the Defendant. [DE 13-1].

Furthermore, the Plaintiff has averred the Enterprise Coverage of the FLSA in the complaint by alleging that the Defendant was an enterprise engaged in commerce or in production of goods for commerce as defined in Section 3(r) of the FLSA (29 U.S.C. 203(r) and 203 (s)), that the Defendant had an annual gross volume of sales made or business done of not less than $500,000.00 and that the Defendant had at least two employees who were engaged in interstate commerce. [DE 1 at ¶s 10-12]. Since the Defendant has been defaulted by the clerk, the Defendant is deemed to have admitted the allegations contained in paragraph 10-12 of the complaint. *Cotton*, 402 F.3d 1267, 1277-78 (11th Cir. 2005).

Based on the foregoing, the Plaintiff has made satisfactory allegations in the complaint and presented sufficient evidence in the form of the Plaintiff's Affidavit [DE 13-1] to establish that the Plaintiff was an employee engaged in commerce (individual coverage) and that the Defendant was an enterprise engaged in commerce (enterprise coverage) therefore the first element of the FLSA claim against the Defendant has been properly established.

### 2. Failure to Pay Minimum Wage for All Hours Worked

29 U.S. Code § 206(a) states in relevant part:

<5]2>
<5]2>

> *"Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:*
> *(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;*
> *(B) $6.55 an hour, beginning 12 months after that 60th day; and*
> *(C) $7.25 an hour, beginning 24 months after that 60th day;"*

The Plaintiff has alleged he worked for the Defendant from January 15, 2016 to January 23, 2016 and received no compensation for that time. [DE 13-1]. Furthermore, the Plaintiff has stated that he was confined to the general vicinity of his assigned truck for this time. [DE 13-1].

Pursuant to 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day. The remaining amount of time is work time and must be paid.

Plaintiff worked for the Defendant for 32 hours in one week from Friday, January 15, 2016 to Saturday, January 16, 2016 and was not compensated for that time. [DE 13-1] The Plaintiff also worked for the Defendant for 112 hours in one week from Sunday January 27, 2016 to Saturday January 23, 2016, 40 hours of which should have been at the minimum wage, and was not compensated for that time. [DE 13-1]. If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's prima facie case, the "court may award approximate damages based on the employee's evidence." *McLaughlin v. Stineco, Inc.*, 697 F.Supp. 436, 450 (M.D.Fla.1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)).

Based on the foregoing the Plaintiff should have been compensated for $232.00 for work he performed from Friday, January 15, 2016 to Saturday, January 16, 2016 and

$290.00 for 40 of the 112 hours of work he performed from January 27, 2016 to Saturday January 23, 2016 for a total amount of unpaid wages of $522.00.

### 3. Failure to Pay Overtime

29 U.S. Code § 207 states in relevant part:

> *"Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."*

The Plaintiff is entitled to overtime compensation for the time he worked over forty hours in a consecutive week from January 27, 2016 to January 23, 2016 which amounts to 72 hours. [DE 13-1] The Plaintiff is entitled to overtime compensation at a rate of $10.88 per hour for a total amount of overtime of $783.00.

The Defendant employer has the burden of showing that it is entitled to any exemption by a preponderance of the evidence. *Dybach v. State of Fla. Dept. Of Corrections*, 942 F.2d 1562, (11th Cir.1991). Since the Defendant has failed to file an answer or raise any defense regarding any exemption, the Plaintiff is not subject to any exemption under the FLSA and is entitled to overtime.

### B. Plaintiff's is entitled to Liquidated Damages

Under the FLSA, *"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.."* 29 U.S.C. § 216(b).

> "Liquidated damages under the FLSA are compensatory in nature. *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 938–39 (11th Cir.2000).
> Section 11 of the Portal–to–Portal Act provides in pertinent part:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.
>
> 29 U.S.C. § 260. The determination of whether an employer acted in good faith and had reasonable grounds for believing that its act or omission was not a violation of the FLSA has both subjective and objective components. *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1566 (11th Cir.1991) (citing 29 C.F.R. §§ 790.13 et seq. (1987)). To satisfy the subjective "good faith" component, the employer bears the burden of proving that it has "an honest intention to ascertain what [the Act] requires and to act in accordance with it." *Dybach*, 942 F.2d at 1566 (quoting *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir.1987)). If the employer fails to demonstrate good faith, liquidated damages are mandatory. *Spires v. Ben Hill County*, 980 F.2d 683 (11th Cir.1993); *Dybach*, 942 F.2d at 1566–67 (quoting *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.1985)). The employer must also demonstrate that it had reasonable grounds for believing that its conduct comported with the requirements of the FLSA. *Dybach*, 942 F.2d at 1567" quoting *Kennedy v. Critical Intervention Services, Inc.*, 199 F.Supp.2d 1305 (Fla. M.D. 2002) at 1305.

In the instant action, the Defendant has failed to demonstrate that the Defendant employer acted in good faith. To the contrary the Plaintiff has averred in the complaint that the defendant acted willfully [DE 1 ¶53] and averred in his Affidavit that the Defendant stopped payment on his compensation check [DE 13-1].

When, the defendant has not offered a defense that their failure to pay minimum wages or overtime compensation was in good faith, the Court must require the employer to pay liquidated damages in an additional amount equal to "the amount of ...the employee's unpaid ... compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n. 18 (5th Cir.1979).

Based on the Defendant's failure to demonstrate that it acted in good faith, the Plaintiff is entitled to liquidated damages in this action equal to the total amount of minimum wages and overtime the Plaintiff has established himself entitled which amounts to $1,305.00.

### C.  Plaintiff's is entitled to Reasonable Attorney Fees and Costs

Any action brought by an employee to enforce § 206 or § 207 of the FLSA, the Court "*shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.*" 29 U.S.C. § 216(b).  In order to determine a reasonable fee *"the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."*  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434, 103 S.Ct. 1933.  In determining the lodestar, a reasonable hourly rate is based on the predominant market rate in the legal community for similar services by lawyers of reasonably equivalent skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, (11th Cir.1985).

#### 1.  **Plaintiff's Attorney Fee is Reasonable**

The applicant *"bears the burden of ... documenting the appropriate hours and hourly rates."*  ACLU v. Barnes, 168 F.3d 423, (11th Cir.1999). "*Fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity*." Norman v. Hous. Auth., 836 F.2d 1292, 1303, (11th Cir.1988).  Moreover, the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D.Fla.2002).

The Plaintiff's attorney, Neil Tygar, has submitted an Affidavit of Attorney Fees [DE 13-2] which includes a breakdown of the time spent on each billable activity of the

case. An examination of each billable activity demonstrates that each activity was necessary to the prosecution of the action and was performed in a reasonable amount of time. [DE 13-2].

Furthermore, the hourly rate charged is reasonable as the Plaintiff's Attorney regularly charges clients at the rate of $350.00 for his services and has provided biographical information to the Court, including the number of years he has been in practice which should aide the Court in concluding that the hourly rate is reasonable. [DE 13-2].

Based on the foregoing, the Plaintiff is entitled to recover from defendant $3,780.00 in attorney's fees.

### 2. **Plaintiff's Costs are Recoverable**

The Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988). The filing fee and costs of service are permitted under § 1920. See EEOC v. W & O, Inc., 213 F.3d 600 (11th Cir.2000).

The Plaintiff has proffered an Affidavit of Costs [DE 13-3] which establishes that he incurred costs for the filing of this action and service of process of the out of state corporate defendant in the amount of $535.00.

### CONCLUSION

Based on the above points and authorities, the Plaintiff's Motion for Default Final Judgment should be granted.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion for Default Final Judgment.

Dated this 31st day of October, 2016.

Respectfully submitted.

                                    s/Neil Tygar_____
                                    Neil Tygar, Esq.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 31st day of October, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      I FURTHER CERTIFY that on the same date I mailed the foregoing document and the notice of electronic filing by U.S. Mail or as indicated below to the following non-CM/ECF participant:

Kairos Logistics, Inc.
26820 Basswood Cir
Plainfield, IL 60585

                                    /s/Neil Tygar
                                  Neil Tygar, Esq.