UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 16-cv-81523-BLOOM/Valle**

JOSELITO GABON,

    Plaintiff,

v.

KAIRO LOGISTICS,

    Defendant.

_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Joselito R. Gabon's ("Plaintiff") Motion for Default Final Judgment, ECF No. [13]. Plaintiff filed this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 2001 *et. seq*., (hereinafter "FLSA") on August 30, 2016. Defendant was served on September 8, 2016, and the return of service was filed of record on October 13, 2016. *See* ECF No. [8]. Defendant's answer to the Complaint was due on September 29, 2016. No response having been filed, a Clerk's default was entered against Defendant on October 17, 2016. *See* ECF No. [11]. Plaintiff now seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), including an award of litigation costs and attorney's fees.

### I.    BACKGROUND

Plaintiff is a resident of Lake Worth, Florida who was employed by Defendant Kairos Logistics, Inc. as a truck driver. *See* ECF No. [1] ¶¶ 6, 15 ("Complaint"). Plaintiff claims that Defendant was an employer within the meaning of the FLSA and an enterprise engaged in commerce, and that Plaintiff regularly transported goods from one state to another using the highways between the states while employed by Defendant. *See id.* ¶¶ 9, 10, 13, 14. Pertinently,

Plaintiff worked for Defendant from January 15, 2016 to January 23, 2016 and was not compensated for much of this time or paid overtime. *See id.* ¶¶ 17-18. Plaintiff was supposed to be paid at a rate of $0.45 per mile traveled and additionally, to receive a perk of $200 reimbursement per day for any layover period. *See id.* ¶¶ 16, 21. Plaintiff drove 2,746.67 miles for Defendant and was not compensated for those miles. *See id.* ¶ 17. Defendant initially sent Plaintiff a check for payment in the amount of $1,236.00, but subsequently placed a stop payment on the check which resulted in Plaintiff incurring a bank fee. *See id.* ¶¶ 18-19. Plaintiff was also not compensated for a two day layover period where he had to seek accommodation in Hanover, North Carolina. *See id.* ¶ 20. Plaintiff retained legal counsel and filed the instant action seeking an award of his full wages, overtime compensation, liquidated damages, reasonable attorney's fees, and costs.

## II.     STANDARD FOR ENTERING DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party that has failed to answer a complaint. The Eleventh Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III.   DISCUSSION

### A.   Liability

Plaintiff must prove certain elements to sustain a cause of action against Defendant for the FLSA violations alleged. "[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Secretary of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008). In order to establish Defendant's failure to pay a minimum wage claim, Plaintiff must show that he was an employee covered by the FLSA who worked for Defendant, that Defendant failed to pay him minimum wages, and that Defendant was an enterprise engaged in interstate commerce. *See Blake v. Batmasian*, 2016 WL 3342322, at *2 (S.D. Fla. June 13, 2016) (citing *Labbe*, 319 F. App'x at 764). As to an unpaid overtime claim, it "has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). Pursuant to 29 C.F.R. § 785.22, the maximum amount of time an employer may dock an employee who is on assignment for more than 24 hours for sleeping and meal periods is 8 hours per day. The remaining amount of time is work time and must be paid.

If an employer does not come forward with evidence of the precise amount of work performed or other evidence to negate a plaintiff's *prima facie* case under the FLSA, the "court may award approximate damages based on the employee's evidence." *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988). Because Defendant has not appeared in this case, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*,

4

820 F.2d 359, 361 (11th Cir. 1987)).  Moreover, because Defendant has not appeared and has not responded to Plaintiff's Statement of Claim, ECF No. [7], the information contained therein is deemed admitted.

Plaintiff alleges that he was an employee of Defendant, and that Defendant was engaged in interstate commerce.  *See* Complaint ¶¶ 13-15.  Specifically, Plaintiff alleges that Defendant was an enterprise engaged in commerce or in production of goods for commerce as defined in Section 3(r) of the FLSA (29 U.S.C. 203(r) and 203 (s)), that Defendant had an annual gross volume of sales made or business done of not less than $500,000.00, and that Defendant had at least two employees who were engaged in interstate commerce.  *See id.* ¶¶ 10-12.  Plaintiff states that he worked for Defendant from January 15, 2016 to January 23, 2016 and received no compensation for that time.  *See id.* ¶ 17; ECF No. [13-1] ("Aff. of Plaintiff").  Plaintiff further states that he was confined to the general vicinity of his assigned truck for this period of time while he transported goods from state to state, and that he was not paid a minimum wage or overtime compensation.  *See* Aff. of Plaintiff.  Plaintiff also alleges that Defendant knew or should have known of Plaintiff's right to payment for the overtime work.  *See* Complaint ¶¶ 18, 31.  Having reviewed the Complaint and the record in this case, the Court finds the allegations well-pled, and that Plaintiff has established his claims against Defendant for the FLSA violations alleged.

**B.  Damages**

**1.  Unpaid minimum wage and overtime**

Under federal law

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;

5

>   (B) $6.55 an hour, beginning 12 months after that 60th day; and
>   (C) $7.25 an hour, beginning 24 months after that 60th day.

29 U.S.C. § 206(a).  Based on Plaintiff's uncontested well-pled allegations and the other evidence of record, the Court finds that Plaintiff has established that he worked for Defendant from January 15, 2016 (when he arrived at the job site) to January 23, 2016 while on assignment for more than 24 hours and received no compensation for that time.  *See generally* Complaint; *see id.* ¶ 57.  Plaintiff has established a *prima facie* case for minimum and overtime wage violations under the FLSA, and as Defendant has not appeared, contested the Statement of Claim, or otherwise provided contradictory evidence, the Court awards approximate damages based on Plaintiff's evidence and claims.  *See McLaughlin*, 697 F. Supp. at 450.  As stated in Plaintiff's Motion, attested to by Plaintiff, and estimated in the Statement of Claim, Plaintiff should have been compensated for 32 hours of work in one week for work performed on Friday, January 15, 2016 and Saturday, January 16, 2016, and 112 hours in one week for work performed from Sunday January 17, 2016 to Saturday January 23, 2016, 40 hours of which should have been at the minimum wage of $7.25 per hour.  *See* Motion; Aff. of Plaintiff; ECF No. [7].  According to Plaintiff, this amount totals $522.00 for the minimum wage violation, which the Court awards to Plaintiff.  *See id.*  Plaintiff is also entitled to overtime compensation for the time he worked over forty hours in a consecutive week from January 17, 2016 to January 23, 2016 which, according to Plaintiff, amounts to 72 hours.  *See id.*  Based on the uncontested record, the Court finds that Plaintiff is entitled to overtime compensation at a rate of $10.88 per hour for a total amount of $783.00.  *See id.*  In total, the Court awards Plaintiff the $1,305.00 he claims entitlement to in his Motion, as supported by his Statement of Claim and Affidavit.

### 2. LIQUIDATED DAMAGES

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "In the FLSA, liquidated damages are compensatory in nature." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 938 (11th Cir. 2000). If an employer fails to demonstrate that it acted in good faith, liquidated damages are mandatory. *See Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993); *see also* 29 U.S.C. § 260. In the instant case, Defendant has failed to respond, and thus, has not demonstrated good faith. To the contrary, Plaintiff has alleged that Defendant acted willfully, and claims that Defendant stopped payment on his compensation check. *See* Compliant ¶ 53; Aff. of Plaintiff. Because Defendant has not offered a good faith-based defense of its failure to pay minimum wages or overtime compensation, the Court must order payment of liquidated damages equal to "the amount of . . . the employee's unpaid . . . compensation." 29 U.S.C. §§ 216(b); *see Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).[1] Based on the evidence in the record, the Court concludes that Plaintiff is entitled to liquidated damages equal to the total amount of minimum wages and overtime that Plaintiff has established, in the amount of $1,305.00.

### C. Attorney Fees and Costs

Under the "American Rule," parties generally are not entitled to an award of attorneys' fees for prevailing in litigation unless it is permitted by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). The FLSA allows for an award of reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b); *see also Weisel*, 602 F.2d at 1191 n.18

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

("Reasonable attorneys' fees are mandatory"). In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id*. at 428. When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983).

The Court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301). A reasonable hourly rate is determined by considering "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. In this case, Plaintiff's attorney Neil Tygar has submitted an Affidavit of Attorney Fees, ECF No. [13-2], which includes a breakdown of the time spent on each billable activity of the case. Upon examination of the Affidavit, the Court finds that each activity was necessary to the prosecution of the action and was performed in a reasonable amount of time of 10.80 hours. Plaintiff's attorney regularly charges

clients at the rate of $350.00 per hour, and, upon review of the provided biographical information for Mr. Tygar, the Court concludes that the hourly rate is reasonable. *See* ECF No. [13-2]. Based on the foregoing, the Court awards Plaintiff $3,780.00 in attorney's fees.

As to costs, the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Plaintiff has proffered an Affidavit of Costs, ECF No. [13-3], which establishes that he incurred costs for the filing of this action and service of process of the out of state corporate defendant in the amount of $535.00. Accordingly, the Court finds that Plaintiff has presented sufficient evidence to establish that he incurred costs in the amount of $535.00 and awards Plaintiff that amount in costs.

## IV.     CONCLUSION

For all of the reasons stated herein, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Default Final Judgment, **ECF No. [13]**, is **GRANTED**;

2. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will concurrently enter final judgment in a separate document.

**DONE AND ORDERED** in Miami, Florida, this 7th day of November, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record